[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
After hearing held on plaintiff's application for a temporary restraining order, it is hereby Ordered: denied, for the following reasons:
The plaintiff, a licensed physician specializing in obstetrics and gynecology, is currently in the process of administratively appealing termination of (1) his appointment to the staff and (2) clinical privileges at the defendant-Hospital. The appeal process which the plaintiff chose to pursue is in accordance with the defendant's applicable bylaws. There remains as a part of the process a hearing before the defendant's Joint Conference Committee at which the plaintiff will have the right to be heard and to present evidence, as well as essentially all such rights as due process requires.
A hearing was held on the plaintiff's application for a temporary order enjoining the defendant from continuing the administrative appeal process. The plaintiff seeks through such order to gain resort to this court. It is his contention that the appeal process is futile in that he has already been prejudged by those who will hear the appeal and, even if not prejudged, a successful result will not have the desired effect of reinstatement to staff and restoration of privileges. Additionally, the plaintiff maintains that since he is no longer an appointed member of staff and is without clinical privileges, which have expired, the defendant has no jurisdiction to impose upon him its appeal procedure.
"It is a settled principle of administrative law that, if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . [and e]xhaustion is required even in cases where the agency's jurisdiction over the proposed activity has been challenged." O G Industries. Inc. v. Planning Zoning Commission, 232 Conn. 419,425 (1995).
This court is not prepared to rule that the plaintiff cannot obtain a fair and impartial hearing before the Joint Conference Committee. The evidence compels the conclusion that he will have a full and complete opportunity to present his case in vindication of his position. A reversal of the existing decision will enable him to reapply for staff appointment to the defendant-Hospital and other hospitals with the potential of full restoration of clinical privileges. It will, as well, avoid an CT Page 13259 unfavorable report to the National Practitioners Data Bank carrying with it the likelihood of an adverse consequence as to future employment.
Apart from what would be construed as an unnecessary judicial interference with the decision-making authority of medical and hospital officials who are procedurally governed by approved bylaws; see Owens v. New Britain General Hospital, 229 Conn. 592,606 (1994); the court finds that there exists an adequate remedy available to the plaintiff; and that his claim of futility in being required to pursue such remedy is based on little more than speculation. O G Industries. Inc. v. Planning ZoningCommission, supra, 429.
Gaffney, J.